**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| MOHAMMED ALAM | § | |
| | § | |
| v. | § | 1:19-CV-22-LY |
| | § | |
| BMW OF NORTH AMERICA, LLC | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Defendant BMW of North America, LLC's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) (ECF 35), Plaintiff's Opposition (ECF 40), and BMW's Reply (ECF 41). The District Court referred the above motion to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. §636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

**I.   GENERAL BACKGROUND**

Plaintiff Mohammed Alam brings this case alleging express and implied warranty claims under the Magnuson-Moss Warranty Act ("the MMWA") and the Texas Business and Commerce Code, and violations of Texas Deceptive Trade Practices Act ("DTPA"). The suit was originally filed in conjunction with similar claims made by seven others, but the cases were ordered severed on the recommendation of the undersigned, leading to the filing of Alam's Second Amended Complaint (ECF 33), the live pleading in this case. In that complaint, Alam alleges that in 2014 he purchased a 2012 BMW 7 Series 750 Li from BMW of Austin as a "certified pre-owned vehicle," paying either just under $59,000 or slightly more than $62,000.[1] After purchase, he alleges he

---

[1] The First Amended Complaint alleged Alam bought the car for $58,678.93, ECF 8 at 3 ¶ 11, while the Second Amended Complaint alleges the purchase price was $62,041.66, ECF 33 at 3 ¶ 13.

experienced problems with the engine consuming an excessive amount of oil, and ultimately discovered that the engine in this car—the "N63" BMW engine—is allegedly defective, in that it consumes excessive engine oil. In January 2019 he filed this lawsuit, through which he seeks damages, revocation of the sales transaction, a refund of the purchase price, the repair or replacement of the vehicle, incidental damages, treble damages under the DTPA, punitive damages, and attorney's fees. *See* ECF 33 at 25.

In the present motion, BMW asks the Court to dismiss Alam's suit for lack of jurisdiction, or, alternatively, to dismiss some or all of the claims under Rule 12(b)(6). The Second Amended Complaint alleges the Court has federal question jurisdiction over the case as a result of the MMWA claim, and pendent jurisdiction over the remaining claims. ECF 33 at 2 ¶ 7. In the motion to dismiss, BMW argues that: (1) Alam has failed to meet the amount in controversy requirement of $50,000 under the MMWA, and the Court therefore lacks subject matter jurisdiction; (2) the statute of limitations bars Plaintiffs' claims; and (3) Alam failed to allege essential elements of his claims.

## II. STANDARDS OF REVIEW

**A. Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit. Federal district courts are courts of limited jurisdiction, and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Assn. of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party

---

No explanation is provided for the difference in the two pleadings.

asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). Where a defendant attacks jurisdiction based solely on the allegations of the complaint, as here, the plaintiff's factual allegations are presumed to be true. *O'Rourke v. United States*, 298 F.Supp.2d 531, 534 (E.D. Tex. 2004). Dismissal for lack of subject matter jurisdiction is appropriate when the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). When a Rule 12(b)(1) motion is filed with a Rule 12(b)(6) motion, the court should consider the jurisdictional attack before addressing the 12(b)(6) motion. *Rodriguez v. Texas Comm'n on the Arts*, 992 F.Supp. 876, 879 (N.D. Tex. 1998), *aff'd*, 199 F.3d 279 (5th Cir. 2000).

**B.     Rule 12(b)(6)**

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id.* The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the

motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III.  DISCUSSION

**A.     Subject Matter Jurisdiction**

As noted, Alam contends the Court has jurisdiction over this case as a result of the federal question raised by his MMWA claim, along with pendent jurisdiction over the remaining claims. The MMWA grants "consumers" a right to sue for a violation of the provisions of the Act itself, as well as breach of a written or implied warranty. *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1062-63 (5th Cir. 1984). With regard to warranty claims, the MMWS does not create a separate statutory warranty claim, "but instead provides a federal cause of action for state law express and implied warranty claims." *Taliaferro v. Samsung Telecomms. Am., LLC*, 2012 WL 169704 at *10 (N.D. Tex. Jan. 19, 2012).  It also contains its own "amount in controversy" requirement, providing that "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in th[e] suit," the federal courts lack jurisdiction.  15 U.S.C. § 2310(d)(3)(B)).  *See also Scarlott v. Nissan N.A., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014).  In *Scarlott*, the Fifth Circuit has noted that there are

> several limitations in calculating the amount in controversy under the MMWA. First, personal injury damages for breach of warranty, which are not recoverable under the MMWA, may not be counted to satisfy the jurisdictional amount. Second, attorneys fees may not be used to satisfy the jurisdictional amount, because the MMWA requires that the amount in controversy be calculated "exclusive of interests and costs." Last, damages for any pendent state-law claims should not be included to satisfy the jurisdictional amount.

*Id.* at 887-88 (citations omitted).  For jurisdiction to be lacking, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

Alam argues that the Court must include the DTPA damages in the MMWA "amount in controversy" analysis, and disputes that the Fifth Circuit held to the contrary in *Scarlott*. ECF 40 at 8-9. His sole arguments that there is more than $50,000 at issue in this case rely either on trebling his damages under the Texas DTPA, or arguing he is entitled to a refund of the full purchase price of the car, also under the DTPA. *Id.* 5, 7-8. Alam reads *Scarlott* incorrectly; indeed, *Scarlott* is crystal clear in its statement that "damages for any pendent state-law claims should not be included to satisfy the jurisdictional amount" under the MMWA. *Scarlott*, 771 F.3d at 888. Thus, while the Court could consider treble damages under the DTPA if it were conducting a *diversity jurisdiction* analysis of the amount in controversy (such as that recently conducted by Judge Hightower in the BMW case *Llort v. BMW of North America*, No. 1:20-cv-0094 LY, Report & Recommendation (W.D. Tex June 2, 2020)), the Court may not do so when determining the amount in controversy in an MMWA claim. As mentioned earlier, Alam has invoked this Court's subject matter jurisdiction based only on federal question jurisdiction, and has explicitly not contended that the Court has jurisdiction based on diversity of citizenship, and thus the Court's analysis is so constrained.[2]

Because the Court does not look at the damages recoverable under the pendent state-law claims, the primary question presented here is whether Alam has demonstrated with his Second Amended Complaint that there is at least $50,000 in controversy on his MMWA warranty claims. In the Report and Recommendation on the motion to sever, the undersigned noted that the First Amended Complaint lacked specificity on the damages sought by the plaintiffs, and suggested that

---

[2]As the "master of his claim," and as the party with the burden to demonstrate the facts establishing the Court's jurisdiction, it is up to Alam to determine the basis on which he seeks to invoke federal jurisdiction, and the Court is not obligated to consider other, non-mandatory, bases for jurisdiction that he has not invoked. *Cf. Allen v. Bank of America N.A.*, 5 F.Supp.3d 819, 833-35 (N.D. Tex. 2014) (considering similar issue under removal statute).

the Court warn Alam that he must remedy that in any amended complaint he filed after severance. ECF 20 at 6 n.1, 7. The district judge adopted that recommendation, and included in his order severing the cases the admonition that in repleading his case individually, Alam was to do so "with sufficient particularity to demonstrate the amount he contends is in controversy." ECF 25 at 3. Given these warnings, the Court assumes that the Second Amended Complaint includes all of the details Alam possesses regarding his damages. Notably, those details are quite few, and are the same sparse details the Court criticized in the First Amended Complaint. Alam alleges that he has suffered out of pocket damages of approximately $6,000 as a result of having to add engine oil between changes,[3] and that replacing the engine in his car would cost between $12,000 and $15,000. ECF 33 at 4, ¶¶ 18-19. The only other monetary figure he includes in the Second Amended Complaint is the original purchase price of his car—$62,041.66. *Id.* at 3 ¶ 13.

The MMWA allows a consumer to sue and recover damages for violations of the substantive provisions of the statute, as well as for breaches of warranty under state law. Alam's MMWA claim is brought under the breach of warranty portion of the statute. He contends that BMW has breached both its express warranty and the implied warranty of merchantability as a result of the problems

---

[3]As mentioned earlier, the purchase price pled in the First Amended Complaint is different than that alleged in the Second Amended Complaint. The out of pocket cost allegations are also different, to a much greater degree. In the First Amended Complaint, Alam alleged that he had "paid approximately $150 in out-of-pocket costs and repairs associated with the [vehicle's] excessive engine oil consumption," ECF 8 at 3 ¶ 16, while in the Second Amended Complaint he alleges he "has spent approximately $6,000 in out-of-pocket costs associated with his Vehicle's excessive engine oil consumption defect," ECF 33 at 4 ¶ 19. Given that the newer number is 40 times greater than the original figure, that Alam has never alleged he had to repair anything on his vehicle due to the oil consumption, and that the only other out of pocket cost associated with the alleged defect would be the cost of adding oil to the engine, the Court is skeptical about the $6,000 figure. The fact that Alam was warned that his general statement of his damages in his First Amended Complaint was too vague, and was admonished to be more specific in his Second Amended Complaint only adds to the Court's skepticism.

with the N63 engine. Under Texas law, which the Court looks to for MMWA breach of warranty claims (*Taliaferro*, 2012 WL 169704 at *10; *MacKenzie v. Chrysler Corp.*, 607 F.2d 1162, 1166 (5th Cir. 1979)), a plaintiff suing for breach of warranty is entitled to recover "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount." *Scarlott*, 771 F.3d at 888; TEX. BUS. & COM. CODE § 2.714(b). Punitive damages are not permitted. *Id.* Alam agrees that this is the correct measure of damages. ECF 40 at 5. In his response, Alam argues that the Court may use the engine replacement cost as a proxy for the diminishment in value caused by the breach of warranty, and states that he is doing so here. ECF 40 at 6-7. As discussed earlier, Alam has specifically pled his damages for loss of value ($12,000 - $15,000 for engine replacement), and for incidental damages ($6,000 of out of pocket costs). Thus, Alam has alleged MMWA damages that cap out, at most, at $21,000, less than half of the statutory minimum of $50,000. Further, given that this is Alam's Second Amended Complaint, and that it was filed after an admonishment that he was to plead all of the facts he had to demonstrate the amount in controversy, the Court can safely say "to a legal certainty" that there is less than $50,000 at stake in Alam's MMWA claim. That being so, the MMWA does not confer federal question jurisdiction over this claim, and federal question jurisdiction being the sole basis on which Alam has invoked the Court's jurisdiction, BMW's motion to dismiss should be granted.[4]

---

[4] Courts often permit a plaintiff who has failed to plead enough facts to state a claim or establish jurisdiction the opportunity to replead before dismissing the case, to allow them to cure such defects. That is not warranted here, however, as it is clear that it would be futile, since Alam cannot establish damages anywhere close to $50,000 for his MMWA claim, and he has already had two previous opportunities to amend his complaint.

**B.     12(b)(6) Motion**

Because the Court lacks jurisdiction over the case, the undersigned does not reach the various arguments BMW raises regarding whether Alam's Second Amended Complaint states claims on which relief may be granted.

## IV. RECOMMENDATION

Based upon the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that Defendant BMW of North America, LLC's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) (ECF 35) be **GRANTED IN PART AND DISMISSED IN PART**. The Court **RECOMMENDS** that the Motion to Dismiss Pursuant to Rule 12(b)(1) be **GRANTED** and that the case be **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**, and that the Motion to Dismiss Pursuant to Rule 12(b)(6) be **DISMISSED WITHOUT PREJUDICE**.

Lastly, the Clerk is directed to return this case to the docket of the Hon. Lee Yeakel.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c);

*Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 29th day of July, 2020.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE